# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2011

No. 10-60927
Summary Calendar

Lyle W. Cayce
Clerk

T.W. KING,

Plaintiff-Appellant

v.

NAKIA ANDERSON; MARSHALL TURNER; THOMAS RUSHING; EDWARD
LEE; SUNDIE LOPER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CV-33

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

T. W. King, Mississippi prisoner # K1634, requests authorization to
proceed in forma pauperis (IFP) on appeal from the district court's judgment
granting summary judgment in favor of the defendants and dismissing his 42
U.S.C. § 1983 complaint. King alleged that corrections officers used excessive
force against him and subjected him to cruel and unusual punishment in
violation of the Eighth Amendment when he was an inmate at the South

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60927

Mississippi Correctional Institution.  The district court denied King's request for leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith for the reasons stated by the magistrate judge in his report and recommendation, namely, that any force that was applied or injury that was sustained was de minimis.

We construe King's motion to proceed IFP as a challenge to the district court's certification that the appeal is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).  "When the prisoner opts to challenge the certification decision, the motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Although King raises several issues in his brief, he fails to address the district court's reasons for certifying that his appeal was not taken in good faith.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because King has failed to challenge any factual or legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal.  *See Brinkmann*, 813 F.2d at 748.  Thus, the appeal lacks arguable merit.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, King's IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See* 5th CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  King is CAUTIONED that if he accumulates three strikes, he will not be allowed to

proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.